UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

CASE NO. 0:11-cv-62086-JIC

ROLANDO CASTILLA,
an individual,

        Plaintiff,

vs.

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH,
PENNSYLVANIA, a corporation,

        Defendant.
_____/

## MOTION TO DISMISS

    Defendant, National Union Fire Insurance Company of Pittsburgh, Pennsylvania ("NUFIC"), moves the Court, pursuant to Rule 12(b)(6) and Rule 10, Fed.R.Civ.P., to dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted, and in support hereof says:

    1.    Plaintiff's one-count Complaint purports to assert a single claim for breach of contract, yet he alleges that benefits are due to him under three separate Certificates of Insurance issued in conjunction with two separate policies of insurance. See Complaint at ¶¶ 6, 8, 9, 13, 17, 18.

    2.    In paragraph 9 of the Complaint, Plaintiff alleges that "[u]nder the terms of *this* insurance policy, CASTILLA is covered if he suffers the total and irrecoverable loss of sight in both eyes or the loss of sight in one eye within 90 days of the date of the accident that caused the

injury." (emphasis supplied). Plaintiff fails to allege, however, *which* of the three Certificates and/or two policies he intends to base his breach of contract claim upon.

3. Plaintiff needs to specifically allege the basis for his breach of contract claim. The Complaint contains only one count for breach of contract, without identifying upon *which* of the three Certificates and/or two policies Count I is based. At the same time, it identifies all of them as providing benefits he claims are due.

4. Given these circumstances, NUFIC is unable to answer the Complaint as currently pled without resorting to guess work and supposition as to which Certificate or policy, or combination of Certificates and policies, Plaintiff asserts NUFIC has breached.

WHEREFORE, NUFIC requests the Court to enter an appropriate order dismissing the Complaint and ordering the Plaintiff to specifically identify under which Certificates and policies he intends to proceed, and any other relief the Court deems just and proper.

## MEMORANDUM OF LAW

Rule 10, Federal Rules of Civil Procedure, requires parties to state their claims in numbered paragraphs "each limited as far as practicable to a single set of circumstances." The Rule also provides that: "If doing so would promote clarity, *each claim founded on a separate transaction or occurrence . . . must be stated in a separate count or defense.*" Fed.R.Civ.P. 10(b)(emphasis supplied).

It is fundamental that a defendant is entitled to have notice of what claim is being made by a plaintiff. In this case, Plaintiff has alleged the existence of two policies[1] with three corresponding Certificates of Coverage, but the Complaint fails to specify which certificate/policy pair Count I is based upon, or which certificate/policy pair NUFIC purportedly

---

[1] There are actually three policies, each with a corresponding certificate of coverage.

breached. NUFIC should not be made to speculate about which policies and certificates may be at issue.

Accordingly, Plaintiff should be made to file an amended complaint which either (i) specifies upon which certificate/policy he bases his breach of contract claim in Court I, or (ii) sets forth separate counts for each certificate/policy alleged to be at issue. This is essential in order for NUFIC to properly be in a position to adequately respond to the allegations of the Complaint.

HOLLAND & KNIGHT LLP

/s Jennifer A. Mansfield
Jennifer A. Mansfield, Esq.
Florida Bar No. 0186724
50 North Laura Street
Suite 3900
Jacksonville, Florida 32202
Telephone: (904) 353-2000
Facsimile: (904) 358-1872
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served via the Court's CM/ECF system this 26th day of September, 2011, on the following:

Leonard Feuer
Leonard Feuer, PA
301 Clematis Street, Suite 3000
West Palm Beach, FL 33401-4609
lfeuer@feuerlawfirm.com

Robert Andrew Kerr
Kerr Law, PC
P.O. Box 211006
Augusta, GA 30917
Robert@kerrlawpc.com

      /s Jennifer A. Mansfield
      Attorney

3

#10633781_v1