UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-62086-CIV-COHN/SELTZER

ROLANDO CASTILLA,
an individual,

        Plaintiff,
v.

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH
PENNSYLVANIA, a corporation,

        Defendant.
_____/

## ORDER DENYING MOTION TO REMAND

**THIS CAUSE** is before the Court on Plaintiff Rolando Castilla's Motion to Remand to State Court [DE 13]. The Court has considered the motion, Defendant National Union Fire Insurance Company of Pittsburgh Pennsylvania's Response [DE 19], and the record in this case, and is otherwise advised in the premises.

On July 5, 2011, Plaintiff filed this action in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida. Complaint [DE 4-1]. The Complaint was served on Defendant National Union Fire Insurance Company of Pittsburgh Pennsylvania on August 23, 2011. Notice of Removal [DE 1] ¶ 3. On September 22, 2011, Defendant removed the action to this Court based on diversity jurisdiction. Id. ¶ 1.

Diversity jurisdiction exists when the suit is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. The parties do not dispute that Plaintiff is a citizen of Florida, see Mot. ¶ 2; Resp. at 7, nor do they dispute that the amount in controversy exceeds $75,000, see

Mot.; Resp.  Instead, the dispute centers around Defendant's citizenship.  Plaintiff contends that Defendant is a citizen of the same state as Plaintiff, and therefore seeks to remand this case to state court for lack of federal jurisdiction.

28 U.S.C. § 1332(c)(1) sets forth the following rules regarding a corporation's citizenship:

> [A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business, except that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business.

28 U.S.C. § 1332(c)(1).  Plaintiff invokes the "direct action" exception to conclude that Defendant must be a citizen of Plaintiff's state, because Plaintiff is Defendant's insured.  See Mot. ¶ 6.   Defendant responds that this exception does not apply here.

"[C]ourts have uniformly defined the term 'direct action' as used in this section as those cases in which a party suffering injuries or damage for which another is legally responsible is entitled to bring suit against the other's liability insurer without joining the insured or first obtaining a judgment against him."  Fortson v. St. Paul Fire & Marine Ins. Co., 751 F.2d 1157, 1159 (11th Cir. 1985).  "The general rule has always been that the direct action proviso does not affect suits brought by an insured against his own insurer."  Bowers v. Cont'l Ins. Co., 753 F.2d 1574, 1576 (11th Cir. 1985) (citing White v. United States Fid. & Guar. Co., 356 F.2d 746, 747-48 (1st Cir. 1966)).

Plaintiff writes in his Complaint, "This is an action for breach of contract arising out of a contract entered into by Defendant . . . with Plaintiff."  Compl. ¶ 1.  Such a case

2

is not a "direct action against the insurer of a policy or contract of liability insurance," within the meaning of § 1332(c)(1).  See Charles A. Wright, et al., Federal Practice and Procedure § 3639 (Westlaw 2011) (explaining that actions by an insured against an insurance company for breach of contract or declaratory judgment for benefits under a policy are not "direct actions" under § 1332).  Therefore, Defendant's citizenship in this case is based not on the state in which the insured is a citizen, but rather on the state in which Defendant was incorporated and the state where it has its principal place of business.  See id.  Defendant is a Pennsylvania corporation with its principal place of business in New York.  Resp. at 7.  Therefore, as Defendant is not a citizen of Florida, the parties are diverse.[1]  Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion to Remand to State Court [DE 13] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 17th day of October, 2011.

JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF

---

[1] Additionally, Plaintiff's counsel failed to comply with the conferral requirements of Local Rule 7.1(a)(3).  Had counsel properly conferred with opposing counsel, the parties might have been able to resolve this issue on their own.  In the future, all counsel shall comply with the Local Rules for the Southern District of Florida.