UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-62086-CIV-COHN/SELTZER

ROLANDO CASTILLA,
an individual,

    Plaintiff,

v.

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH,
PENNSYLVANIA, a corporation,

    Defendant.
_____/

## ORDER GRANTING MOTION TO SET ASIDE CLERK'S DEFAULT

**THIS CAUSE** is before the Court on Plaintiff Rolando Castilla's Motion to Set Aside Clerk's Default [DE 57].[1]  The Court has considered the motion and the record in this case, and is otherwise fully advised in the premises.

### I. BACKGROUND

On July 5, 2011, Plaintiff Rolando Castilla filed this action in the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida [DE 4-1].  On September 22, 2011, Defendant National Union Fire Insurance Company of Pittsburgh, Pennsylvania removed the action to this Court [DE 1].  The current operative complaint is the Second Amended Complaint [DE 29].

On December 14, 2011, Defendant filed its Answer and Affirmative Defenses to Second Amended Complaint and Counterclaim [DE 31].  The next day, Plaintiff's counsel moved to withdraw from this case.  See Motion to Withdraw [DE 35]; Amended Motion to Withdraw [DE 38]; Second Amended Motion to Withdraw [DE 41].  Then, on

---

[1] Plaintiff asks the court to "set Aside this Judgment against me," Mot. at 1, but there has been no judgment.  Therefore, the Court construes the motion as a request to set aside the Clerk's default entered against Plaintiff.

December 19, 2011, Defendant filed its Amended Answer and Affirmative Defenses to Second Amended Complaint and Counterclaim [DE 34].  On January 13, 2012, after holding a hearing, the Court entered an Order Granting Motion to Withdraw [DE 46].  The Order provided Plaintiff with 45 days, until February 27, 2012, to have substitute counsel file a notice of appearance, and directed that "[i]f no counsel has appeared on behalf of Plaintiff by February 27, 2012, Plaintiff shall proceed *pro se*."  Id. at 2.  The same day, the Court also entered an Order Resetting Trial and Pretrial Deadlines [DE 47], granting a generous extension of the remaining deadlines and directing Plaintiff to respond to Defendant's Counterclaim "by no later than March 9, 2012."  Id. at 1.  When Plaintiff failed to respond to the Counterclaim by March 9, 2012, Defendant filed a Motion for Entry of Default [DE 52], and the Clerk entered the default [DE 54] on March 22, 2012.

On April 10, 2012, Plaintiff filed the instant motion, seeking to set aside the Clerk's default.  For the reasons discussed below, the Court will grant the motion and set aside the Clerk's default, and Plaintiff will have one more opportunity to respond to the Counterclaim.

## II. DISCUSSION

The Eleventh Circuit has described the relevant law regarding motions to set aside defaults as follows:

> Rule 55(c), Federal Rules of Civil Procedure, provides in relevant part that "[f]or good cause shown the court may set aside an entry of default."
>
> "'Good cause' is a mutable standard, varying from situation to situation.  It is also a liberal one—but not so elastic as to be devoid of substance."  Coon v. Grenier, 867 F.2d 73, 76 (1st Cir. 1989).  We recognize that "good cause" is not susceptible to a precise formula, but some general guidelines are commonly applied.  Id.  Courts have considered whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense.  Rafidain Bank,

2

> 15 F.3d at 243; see also Robinson v. United States, 734 F.2d 735, 739 (11th Cir. 1984).  We note, however, that these factors are not "talismanic," and that courts have examined other factors including whether the public interest was implicated, whether there was significant financial loss to the defaulting party, and whether the defaulting party acted promptly to correct the default.  E.g., Dierschke v. O'Cheskey, 975 F.2d 181, 184 (5th Cir. 1992). "Whatever factors are employed, the imperative is that they be regarded simply as a means of identifying circumstances which warrant the finding of 'good cause' to set aside a default." Id.  However, if a party willfully defaults by displaying either an intentional or reckless disregard for the judicial proceedings, the court need make no other findings in denying relief.  Shepard Claims Service, Inc. v. William Darrah & Associates, 796 F.2d 190, 194-95 (6th Cir. 1986).

Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion, 88 F.3d 948, 951-52 (11th Cir. 1996).

In his motion, Plaintiff explains that he found a new attorney who he believed would represent him in this matter.  Plaintiff states that the new attorney, John George, "did tell me that he was going to write a Motion to the court in o[r]der to move the trial . . . , he [k]new about the day that I was suppos[ed] to answer to that counter-claim, he did tell me not to worry."  Mot. at 1.  Plaintiff recently learned that this attorney has been sick.  Id.  The motion thereby demonstrates that Plaintiff's default was neither willful nor intentional.  Therefore, the Court finds good cause to set aside the Clerk's default and provide Plaintiff with one more opportunity to respond to the Counterclaim.

However, Plaintiff should take note that he is responsible for his representation in this matter.  To date, Mr. George has not filed a notice of appearance on behalf of Plaintiff in this case.  As such, at this time, and until counsel files a notice of appearance, Plaintiff proceeds *pro se*.  See Order Granting Motion to Withdraw at 2 (providing that if no counsel had appeared on behalf of Plaintiff by February 27, 2012, Plaintiff would proceed *pro se*).  The Court emphasizes that all *pro se* litigants must comply with the Federal Rules of Civil Procedure, the Local Rules for the Southern

District of Florida, and the Court's Orders. If Plaintiff does not respond to the Counterclaim by the new deadline, another Clerk's default may be entered against him, and ultimately, a default judgment may be entered against him as well.

Similarly, Plaintiff has an ongoing obligation to continue prosecuting the claims raised in his Second Amended Complaint. Otherwise, Plaintiff risks dismissal of his Second Amended Complaint for failure to prosecute. See Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962).

### III. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff Rolando Castilla's Motion to Set Aside Clerk's Default [DE 57] is **GRANTED**. The Clerk's Default [DE 54] is hereby **SET ASIDE**. Plaintiff shall respond to Defendant's Counterclaim [DE 34] by no later than **May 4, 2012**. **Plaintiff's failure to respond to the Counterclaim by May 4, 2012 may result in the entry of a Clerk's default against him.**

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 16th day of April, 2012.

_____
JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF

Rolando Castilla, *pro se*
3840 Lyons Road
Coconut Creek, FL 33073

Rolando Castilla, *pro se*
9977 Westview Dr. Apt 123
Coral Springs, FL 33076