UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-62086-CIV-COHN/SELTZER

ROLANDO CASTILLA,
an individual,

    Plaintiff,

v.

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH,
PENNSYLVANIA, a corporation,

    Defendant.
_____/

## ORDER DENYING MOTION FOR REMAND

**THIS CAUSE** is before the Court on Plaintiff Rolando Castilla's Motion for Remand [DE 58]. The Court has considered the motion, Defendant National Union Fire Insurance Company of Pittsburgh, Pennsylvania's Response [DE 61], the record in this case, and is otherwise advised in the premises.

### I. BACKGROUND

On July 5, 2011, Plaintiff Rolando Castilla filed this action in the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida [DE 4-1]. The Complaint [DE 4-1 at 4-7] brought one count for breach of contract based on Defendant's alleged failure to pay insurance proceeds after Plaintiff sustained an accident, as a result of which, he "suffered the total and irrecoverable loss of sight in both eyes, or the loss of sight in one eye." Compl. ¶ 11. On September 22, 2011, Defendant removed the action to this Court based on diversity jurisdiction. See Notice of Removal [DE 1]. The current operative complaint is the Second Amended Complaint [DE 29].

On April 13, 2012, Plaintiff filed the instant Motion for Remand based on lack of subject matter jurisdiction. For the reasons discussed below, the motion will be denied.

## II.  DISCUSSION

Federal courts are courts of limited jurisdiction.  See 13 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure § 3522 (2d ed. 1984 & Supp. 2008).  Federal subject matter jurisdiction exists only when a controversy involves a question of federal law or diversity of citizenship between the parties.  See 28 U.S.C. §§ 1331-1332.  The instant case does not involve a question of federal law. Accordingly, the Court may hear the case only if diversity jurisdiction exists.

Diversity jurisdiction exists when the suit is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.  28 U.S.C. § 1332; see also Palmer v. Hosp. Auth., 22 F.3d 1559, 1564 (11th Cir. 1994) (diversity jurisdiction requires complete diversity); Gafford v. Gen. Elec. Co., 997 F.2d 150, 158 (6th Cir. 1993) ("[O]ne means by which Congress has sought to limit access to federal courts in diversity cases is the amount-in-controversy requirement.").  Plaintiff previously filed a Motion to Remand [DE 13] based on lack of diversity, but the Court found that complete diversity exists in this case and denied the motion.  Order Denying Motion to Remand [DE 21] (rejecting Plaintiff's request to remand based on lack of complete diversity); Notice of Removal ¶¶ 4-5 (stating Plaintiff is a citizen of Florida and Defendant is a Pennsylvania corporation with its principal place of business in New York); see also Sec. Am. Compl. ¶¶ 4-5 (stating Plaintiff is a resident of Florida and Defendant is a corporation with its principal place of business in New York).  Although Plaintiff's initial Motion to Remand did not dispute the amount in controversy requirement, Plaintiff now argues that the amount in controversy does not meet the jurisdictional threshold amount.  See Mot. at 1.

"A court's analysis of the amount-in-controversy requirement focuses on how much is in controversy at the time of removal, not later."  Pretka v. Kolter City Plaza II,

2

Inc., 608 F.3d 744, 751 (11th Cir. 2010); Leonard v. Enter. Rent a Car, 279 F.3d 967, 972 (11th Cir. 2002).  At the time of removal of this case, the pending Complaint alleged that Plaintiff had "sustained damages including but not limited to . . . Loss of such past due policy benefits which aggregate at the time of filing this Complaint to more than $300,000 . . . "  Compl. ¶ 18(a).  In the Notice of Removal, Defendant alleged that "[t]he amount in controversy exceeds $75,000.00, exclusive of interest and cost," based on the representations in the Complaint.  Notice of Removal ¶ 6 (citing Compl. ¶ 18).  As such, the jurisdictional amount in controversy was satisfied at the time of removal.

Although the Second Amended Complaint [DE 29] only alleges losses in excess of $25,000, "subsequent events that reduce the amount recoverable—such as the plaintiff's amendment of the complaint—will not defeat the federal court's subject-matter jurisdiction."  Charles A. Wright et al., Federal Practice and Procedure § 3725.2 (4th Ed. April 2012); see also The Burt Co. v. Clarendon Nat'l Ins. Co., 385 Fed. App'x 892, 894 (11th Cir. 2010) ("events occurring after removal, such as the post-removal amendment of a complaint to remove certain claims, which may reduce the damages recoverable below the amount in controversy requirement, do not divest the district court of jurisdiction.") (citing Poore v. American-Amicable Life Ins. Co., 218 F.3d 1287, 1290-91 (11th Cir. 2000) overruled in part on other grounds by Alvarez v. Uniroyal Tire Co., 508 F.3d 639, 640-41 (11th Cir. 2007) (holding court erred in relying on amended complaint to conclude parties did not meet amount in controversy requirement)); George v. Marriot Senior Living Servs., Inc., No. 01-8708-CIV-HURLEY, 2001 WL 1757181, at *3 (S.D. Fla. Nov. 14, 2001) (where defendant had shown "that as of the date of removal, . . . the amount in controversy exceeded $75,000[, . . .] Plaintiff, after more than a year of litigation . . . [could] not now seek to amend the complaint to affirmatively demand an

amount of damages below the jurisdictional threshold."). Therefore, the fact that Plaintiff now claims less than $75,000 does not divest this Court of jurisdiction.

Finally, Defendant seeks to recover the attorneys' fees it incurred in submitting its Response to Plaintiff's Motion due to Plaintiff's failure to confer properly in accordance with the Local Rules. Though the Court will not require Plaintiff to pay Defendant's fees at this time, Plaintiff is reminded once more that all parties, including *pro se* litigants, must comply with the Federal Rules of Civil Procedure and the Local Rules for the Southern District of Florida, including Local Rule 7.1(a)(3). Before filing any motion in the future, whether *pro se* or through counsel, Plaintiff shall confer properly with Defendant's counsel.

### III. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff Rolando Castilla's Motion for Remand [DE 58] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 23rd day of April, 2012.

*[signature]*
JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF

Rolando Castilla, *pro se*
3840 Lyons Road
Coconut Creek, FL 33073

Rolando Castilla, *pro se*
9977 Westview Dr. Apt 123
Coral Springs, FL 33076

4