UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-62086-CIV-COHN/SELTZER

ROLANDO CASTILLA,
an individual,

    Plaintiff,
v.

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH,
PENNSYLVANIA, a corporation,

    Defendant.
_____/

### ORDER DENYING "MOTION TO INCLUDE 2 OTHER POLICIES THAT ARE PART OF THE ORIGINAL BREACH OF CONTRACT"

**THIS CAUSE** is before the Court on Plaintiff Rolando Castilla's "Motion to Include 2 Other Policies That Are Part of the Original Breach of Contract" [DE 91]. The Court has considered the Motion, Defendant National Union Fire Insurance Company of Pittsburgh, Pennsylvania's Response [DE 96], the record in this case, and is otherwise fully advised in the premises.

### I. BACKGROUND

On July 5, 2011, Plaintiff Rolando Castilla filed this action in the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida [DE 4-1]. On September 22, 2011, Defendant National Union Fire Insurance Company of Pittsburgh, Pennsylvania removed the action to this Court [DE 1]. The current operative complaint is the Second Amended Complaint [DE 29]. In the Second Amended Complaint, Plaintiff brings one claim for breach of contract based on Defendant's alleged failure to pay insurance proceeds on a policy for accidental dismemberment. See Sec. Am.

Compl.  Defendant also brings a Counterclaim [DE 34] against Plaintiff for insurance fraud.

Although Plaintiff originally filed this action through counsel, he is currently proceeding *pro se*.  See Order Granting Motion to Set Aside Clerk's Default [DE 59].  In the instant *pro se* Motion, Plaintiff requests permission to add two insurance policies, #47594661 and #47813025, to his case.  See Mot. at 1.  He represents that the failure to include the policies was an "error that I didn't [notice] till few days ago." Id.  He states that his former attorneys failed to include the policies and dropped the claims on those policies without his consent.  See id.  Defendant opposes Plaintiff's request to add claims under the two other policies.  See Resp.

Meanwhile, trial in this case is set to begin on July 2, 2012.  See Order Resetting Trial and Pretrial Deadlines [DE 47] at 1.  Amended pleadings were due by November 30, 2011.  See Scheduling Order [DE 16].

## II. LEGAL STANDARD

As explained by Federal Rule of Civil Procedure 16(b), a scheduling order such as the one entered in this case "controls the course of the action unless the court modifies it." Fed. R. Civ. P. 16(d).  Rule 16 further states that the "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).  This good cause standard precludes modification unless the schedule cannot be met "despite the diligence of the party seeking extension."  Sosa v. Airprint Sys., Inc., 133 F.3d 1417, 1418 (11th Cir. 1998).

Upon a determination that the party seeking amendment has met Rule 16(b)'s

2

"good cause" standard, the Court must then examine whether the motion to amend meets the requirements of Federal Rules of Civil Procedure 15(a). See Sosa, 133 F.3d at 1419. Pursuant to Rule 15(a), a party may amend its pleading "by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). In construing Rule 15(a), the Supreme Court has held as follows:

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

Foman v. Davis, 371 U.S. 178, 182 (1962); see also McKinley v. Kaplan, 177 F.3d 1253 (11th Cir. 1999).

### III. ANALYSIS

Plaintiff fails to meet the requirements of both Rule 16(b) and Rule 15(a). First, Plaintiff has not demonstrated good cause to modify the Scheduling Order's deadline to amend pleadings because he was not diligent in seeking amendment. As Defendant notes, Plaintiff actually was aware that the two other policies were no longer part of this lawsuit much earlier than a "few days ago." In support of this assertion, Defendant submits the Declaration of its attorney, Jennifer Mansfield [DE 96-1]. Ms. Mansfield explains that, in multiple conversations with Plaintiff since his attorney withdrew in January 2012, she has reminded Plaintiff that his claims on the two other insurance policies have been dropped. Mansfield Decl. ¶ 3. As an example of one of these conversations with Plaintiff, Ms. Mansfield attaches a March 30, 2012 email in which she reminded Plaintiff that he "filed an amended complaint in December that asserts a

3

claim where the maximum that could ever be recovered under that policy is only $25,000." Id. ¶ 4; March 30, 2012 Email, Exhibit A to Mansfield Decl. [DE 96-1 at 4]. As further evidence that Plaintiff was aware that the two other policies were not part of his currently operative complaint, Defendant points to an exchange at Plaintiff's continued deposition on April 16, 2012, in which Ms. Mansfield again reminded Plaintiff, "You started the suit with three policies, but in December when you amended your complaint you dropped it as to the two policies," and "Your lawyers on your behalf filed an amended complaint, it's called the Second Amended Complaint, that only seeks benefits under one policy." Castilla Deposition, Volume III [DE 83-1] at 339:7-13. Although Plaintiff claimed then, as he states in his instant Motion, that he did not authorize his attorneys to drop his claims on the two other policies, id. at 339-341, this evidence proves that he was at least aware that his claims on the two other policies were dropped months ago, not merely a "few days ago." Therefore, Plaintiff's request to amend his complaint will be denied because the deadline for amending pleadings expired over six months ago, and Plaintiff does not meet Rule 16(b)'s "good cause" requirement because he was not diligent in requesting this amendment.

Regardless, even if Plaintiff had shown good cause to extend the deadline under Rule 16(b), the Court would not grant leave to amend under Rule 15(a) because of the prejudice that Defendant would suffer if Plaintiff were permitted to add claims at this late stage in the litigation. Defendant asserts that permitting Plaintiff to add claims now "will greatly prejudice [Defendant's] ability to obtain finality and defend itself, not to mention result in substantial additional costs and attorney's fees." Resp. at 4. Defendant notes, "Far too much time has passed and [Plaintiff's] motion is far too late

to contemplate allowing Plaintiff to re-plead his complaint yet again . . . . This case is on the eve of trial – the joint pretrial stipulation is due in a week – and Plaintiff seeks to start from scratch." Id.  As Defendant writes, "It is too late to start over." Id.  Therefore, the Motion will be denied due to Plaintiff's failure to show good cause to extend the deadline to amend pleadings and because of the prejudice that Defendant would suffer if Plaintiff were permitted to add his claims at this late stage in the litigation.[1]

### IV. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff Rolando Castilla's "Motion to Include 2 Other Policies That Are Part of the Original Breach of Contract" [DE 91] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 20th day of June, 2012.

JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF
*Pro se* party via CM/ECF regular mail

---

[1] Defendant also argues that, for a number of reasons, including certain reasons set forth in the pending Motion for Summary Judgment [DE 68], the proposed amendments to Plaintiff's complaint would be futile.  The Court does not reach the arguments for futility because this Motion must be denied for the reasons set forth above.  The Court will rule on the Motion for Summary Judgment in a separate Order.